# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### DURHAM DIVISION

In Re:
**Jennifer Stephanie Brown**

Social Security No. xxx-xx-7120
Address: 111 Knightwood Drive, Durham, NC 27703-

Debtor

Case No. 11-80625
Chapter 13

## OBJECTION TO CLAIM

**NOW COMES** the Debtor above-named, through counsel, pursuant to 11 U.S.C. §502, Bankruptcy Rule 3007, and N.C. Gen Stat. § 45-91, who respectfully objects to the Proof of Claim filed by the creditor FREEDOM MORTGAGE CORPORATION and dated August 5, 2011, for the following reasons:

1. The Freedom Mortgage Corporation is a servicer of a home loan for the purposes of N.C. Gen Stat. § 45-90(1), and is therefore subject to the notice requirements of N.C. Gen Stat. § 45-90.

2. Said Proof of Claim was filed by Freedom Mortgage Corporation on behalf of Freedom Mortgage Corporation, the alleged holder of home loan referenced in the Proof of Claim.

3. The Proof of Claim asserts that Freedom Mortgage Corporation is entitled to fees totaling $773.15, for the following described expenses:

    a. Accrued Late Charges: $496.21, without indication of when the fee was incurred.

    b. Inspection Fees: $276.94, without indication of when the fee was incurred.

4. Pursuant to N.C. Gen Stat. § 45-91, for a fee to be allowed, Freedom Mortgage Corporation must assess the fee within 45 days from the date which the fee was incurred, and must clearly and conspicuously explain the fee in a statement mailed to the borrower at the borrower's last known address within 30 days after assessing the fee.

5. The Proof of Claim filed by Freedom Mortgage Corporation does not specify when the fees were assessed.

6. The Proof of Claim filed by Freedom Mortgage Corporation does not include a copy of the explanatory statement mailed to the Debtor at the Debtor's last known address.

7. Furthermore, the filing of a Proof of Claim with a bankruptcy court does not satisfy the requirements of N.C. Gen Stat. § 45-91(1). *In re Saeed*, Bankr. No. 10-10303, (Bankr. M.D.N.C., Sept 17, 2010) (2010 WL 3745641)(2010 Bankr.LEXIS 3267); *In re Smith*, Bankr. No. 08-07636-8-JRL,(Bankr. E.D.N.C. Nov. 8, 2012).

8. The failure by Freedom Mortgage Corporation to provide notice of the fees charged, as required by N.C. Gen Stat. § 45-91, constitutes a waiver of said fees pursuant to N.C. Gen Stat. § 45-91(3). See *In re Saeed*, Bankr. No. 10-10303 (Bankr. M.D.N.C., Sept 17, 2010) (2010 WL 3745641). See also *In re Obie*, Bankr. No. 09-80794, (Bankr. M.D.N.C,.Nov. 24, 2009) (2009 WL 4113587)(2009 Bankr. LEXIS 3858). See also *In re: Hillmon*, Bankr. No. 11-80303 (Bankr. M.D.N.C., Oct. 26, 2011)(2011 Bankr. LEXIS 5536). See also *In re Smith*, Bankr. No. 08-07636-8-JRL,(Bankr. E.D.N.C. Nov. 8, 2012).

9. This motion shall serve as 30 days notice, pursuant to N.C.G.S. § 45-94 of the alleged violations hereinbefore referenced, which notice is a condition precedent to the filing of a motion by the Debtor to recover actual damages caused by said violations, including reasonable attorney fees of at least $400.00.

**WHEREFORE**, the Debtor prays that the Court enter an Order as follows:

1. Finding that Freedom Mortgage Corporation, in violation of N.C.G.S. § 45-91, failed to provide timely, clear and conspicuous notification to the Debtor of the assessment of the aforementioned fees, in the amount of $773.15.

2. Finding that such failure by Freedom Mortgage Corporation constitutes a waiver of such fees..

3. Disallowing the aforementioned fees in the amount of $773.15 and reducing the pre-petition claim of the Freedom Mortgage Corporation accordingly.

4. Prohibiting Freedom Mortgage Corporation from later assessing these fees to the Debtor's mortgage account.

5. In the event that Freedom Mortgage Corporation contests this objection by filing a formal response thereto, the Debtor requests that, until such time as the aforementioned payment history and related information is provided, the Court treat any hearing upon this Objection as preliminary, in accordance with the power vested in this Court pursuant to 11 U.S.C. 105(a).

6. Awarding counsel undersigned an attorney fee of at least $400.00, to be paid as an administrative claim by the Chapter 13 Trustee, with the pre-petition claim of Freedom Mortgage Corporation reduced by this additional amount.

7. Granting any other relief the Court deems just and proper.

Dated: July 5, 2016

          **LAW OFFICES OF JOHN T. ORCUTT, P.C.**

          <u>/s Koury Hicks</u>
          Koury Hicks
          N.C. State Bar No. 36204
          1738-D Hillandale Road
          Durham, N.C. 27705
          Telephone: (919) 286-1695
          Fax: (919) 286-2704
          Email: khicks@johnorcutt.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

In Re:
**Jennifer Stephanie Brown**

Social Security No. xxx-xx-7120
Address: 111 Knightwood Drive, Durham, NC 27703-

Case No.  11-80625
Chapter   13

Debtor

## CERTIFICATE OF SERVICE

I, Erica NeSmith, certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age and that on July 5, 2016, I served copies of the foregoing **OBJECTION TO CLAIM**  electronically or, when unable,  by regular first-class U.S. mail, addressed to the following parties:

FREEDOM MORTGAGE CORPORATION
**Attn: Officer**
C/O Loan Care Servicing Center
3637 Sentara Way, Suite 303
Virginia Beach, VA 23452-

Daria Anne Barrett
**Attorney for FREEDOM MORTGAGE CORPORATION**
Brock and Scott, PLLC
5121 Parkway Plaza Blvd.
Charlotte, NC 28217-

William P. Miller
U.S. Bankruptcy Administrator

Richard M. Hutson, II
Chapter 13 Trustee

/s Erica NeSmith
Erica NeSmith